1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREG BLATT,<br><br>               Plaintiff,<br><br>   v.<br><br>ROSETTE PAMBAKIAN and SEAN RAD; and DOES 1-10, inclusive,<br><br>               Defendants. | Case No. 2:19-CV-07046-MWF-FFM<br><br>Hon. Michael W. Fitzgerald<br><br>**[PROPOSED] ORDER GRANTING DEFENDANTS' SPECIAL MOTION TO STRIKE PLAINTIFF'S FIRST AMENDED COMPLAINT (PURSUANT TO CAL. CODE CIV. PROC. § 425.16)**<br><br>Hearing Date:  November 4, 2019<br>Hearing Time:  10:00 a.m.<br>Courtroom:       5A |

On November 4, 2019, Defendants Rosette Pambakian's and Sean Rad's ("Defendants'") Special Motion to Strike Plaintiff's First Amended Complaint Pursuant to California Code of Civil Procedure § 425.16 (the "Anti-SLAPP Motion") came on for hearing in the above-entitled court. After considering the Parties' briefing and argument, all evidence submitted in support thereof and opposition thereto, and (as appropriate) all other papers and pleadings filed in this matter, the Court now rules as follows:

*First*, under the first prong of the anti-SLAPP analysis, all of the allegedly defamatory statements at issue in this action were made in connection with issues that are presently under consideration or review by a judicial body—namely, a lawsuit pending in New York Supreme Court (*Rad, et al. v. IAC, et al.*, Case No. 654038/2013). As such, these statements constitute protected activity under Cal. Code Civ. Proc. § 425.16(e)(2). In addition, all of these statements were also made in a public forum in connection with an issue of public interest—namely, in various publicly-available articles and/or video interviews published by media outlets quoting Defendants Rosette Pambakian and Sean Rad. As such, they also separately and independently constitute protected activity under Cal. Code of Civ. Proc. § 425.16(e)(3).

*Second*, under the second prong of the anti-SLAPP analysis, Plaintiff has not carried his burden to demonstrate a reasonable probability that he will nevertheless prevail on his claims. All his claims are barred as a matter of law by the "fair and true reporting" privilege, which (as codified in California Civil Code Section 47(d)) protects any "fair and true report in, or a communication to, a public journal" of a judicial proceeding or anything said in the course thereof. Cal. Civ. Code section 47(d).

*Third*, Plaintiff cannot hope to cure these fatal defects by re-pleading his claims yet again. *See, e.g.*, *Microsoft Corp. v. M Media*, No. CV-17-347-MWF (AJWx), 2018 WL 5094969, at *7 (C.D. Cal. Mar. 13, 2018) (granting anti-SLAPP motion

without leave to amend after finding that "[a]bsent pleading entirely new [c]ounterclaims premised on entirely different allegations, Defendants cannot possibly remedy their claims.").

Therefore, it is HEREBY ORDERED that Defendants' Anti-SLAPP Motion is GRANTED without leave to amend as to all causes of action raised in Plaintiff's First Amended Complaint.  As prevailing movants on an Anti-SLAPP Motion, pursuant to California Code of Civil Procedure section 425.16(c) Defendants are entitled to recover reasonable costs and attorneys' fees that they incurred in connection with litigating this motion.  Accordingly, Defendants are hereby granted leave to file a further motion seeking to recover their reasonable costs and attorneys' fees.

**IT IS SO ORDERED.**

Dated: _____   By: _____

Hon. Michael W. Fitzgerald